January 10, 2023

By ECF

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939
www.ca9.uscourts.gov

Re:  Notice of Supplemental Authority in *Migrant Clinicians Network v. U.S. Environmental Protection Agency*, No. 21-70719

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Petitioners advise the Court of two recent decisions: *Center for Food Safety v. Regan (CFS v. Regan)*, No. 19-72109, 2022 WL 17826872 (9th Cir. Dec. 21, 2022), and *Center for Biological Diversity v. EPA (CBD v. EPA)*, No. 15-1054, 2022 WL 17878791 (D.C. Cir. Dec. 23, 2022). Although neither decision vacated the unlawful pesticide registrations at issue, the reasoning of both decisions supports Petitioners' argument that vacatur is warranted here. *See* ECF No. 54, at 67-75.

In *CFS v. Regan*, this Court underscored the seriousness of EPA's "habit" of violating the ESA, explaining that it "undermines" the structure of government when EPA "deliberately ignores Congress's legislative command." *CFS v. Regan*, 2022 WL 17826872, at *8. The D.C. Circuit likewise decried "EPA's broken system of ESA (non)review," *CBD v. EPA*, 2022 WL 17878791, at *15, observing that the Agency's "ongoing, widespread failure to comply with the ESA when it registers pesticides . . . plainly counsels against remand without vacatur," *id*. at *12.

Vacatur is plainly appropriate here. Unlike in *CBD v. EPA*, the parties have not reached a negotiated settlement to leave the registration in place. *See* 2022 WL 17878791, at *9-11, *13. And in contrast to *CFS v. Regan*, this is not a case in which the challenged pesticide is less toxic than the market alternatives, such that vacatur would risk greater environmental harm. *See* 2022 WL 17826872, at *12-13, *16 ("Remand without vacatur here maintains 'the enhanced protection of the environmental values covered by [the registration]' because sulfoxaflor has a more favorable toxicological profile compared to alternatives."); *see also CBD v. EPA*, 2022 WL 17878791, at *12 (explaining that the court declined to vacate an earlier pesticide registration in *CBD v. EPA*, 861 F.3d 174 (D.C. Cir. 2017), notwithstanding EPA's ESA violation, because the pesticide "was generally less toxic than existing alternatives"). Rather, EPA once again violated the ESA but failed to show that vacatur presents a lesser risk of environmental harm than leaving the registration in place.

Dated: January 10, 2023

Respectfully submitted,

s/ Hannah Connor
Hannah Connor
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
Telephone: (202) 681-1676
hconnor@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

s/ Carrie Apfel
Carrie Apfel
Earthjustice
1001 G Street NW, Suite 1000

s/ Margaret T. Hsieh
Margaret T. Hsieh
Natural Resources Defense Council
111 Sutter Street, Floor 21
San Francisco, CA 94104
Telephone: (415) 875-6135
mhsieh@nrdc.org

Sarah Fort
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
Telephone: (202) 513-6247
sfort@nrdc.org

Washington, DC 20001
Telephone: (202) 667-4500
capfel@earthjustice.org

Dominique Burkhardt
Earthjustice
4500 Biscayne Boulevard Suite 201
Miami, FL 33137
Telephone: (305) 440-5432
dburkhardt@earthjustice.org

*Counsel for Petitioners Migrant Clinicians Network, Beyond Pesticides, Environmental Confederation of Southwest Florida, Farmworker Association of Florida, and Farmworker Justice*

Francis W. Sturges, Jr.
Natural Resources Defense Council
20 N. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 847-6807
fsturges@nrdc.org

*Counsel for Petitioners Natural Resources Defense Council and U.S. Public Interest Research Group*